FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 11, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARSHALL L. STORY,<br><br>               Plaintiff,<br><br>v.<br><br>DR. JEFFERY MAPLE, Doctor/Medical Provider NaphCare; KYRA, Nurse; AMANDA SPAYDE, RN,<br><br>               Defendants. | NO: 2:18-CV-185-RMP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING REMAINING DEFENDANTS FOR FAILURE TO STATE A CLAIM |

BEFORE THE COURT is a motion by Defendant Amanda Spayde, RN ("Nurse Spayde") to dismiss Plaintiff Marshall Story's complaint with prejudice based on Plaintiff's alleged failure to include any allegations of Nurse Spayde's personal participation in the deprivation of constitutionally protected rights that Plaintiff claims. ECF No. 29; *see also* ECF No. 11 (Complaint). Plaintiff did not

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING REMAINING DEFENDANTS FOR FAILURE TO STATE A CLAIM ~ 1

respond to Defendant's Motion to Dismiss, although he untimely filed a Second Amended Complaint after Defendant moved to dismiss.[1]

## BACKGROUND

***Procedural History***

Plaintiff claims a violation of his constitutional rights during his pretrial detention at the Spokane County Jail in Spokane, Washington. Plaintiff is proceeding pro se and in forma pauperis and pursues his civil rights claim under 42 U.S.C. § 1983. Plaintiff asserts that he suffers from chronic, serious pain following a neck injury and surgery in 2015. ECF No. 11 at 5. In the original Complaint, Plaintiff named as Defendants John McGrath, then-Director of the Spokane County Jail, and "Amanda[,]" a NaphCare nurse, as well as "John/Jane Doe #1[,]" Medical Director of NaphCare and "Doe, Jane #2[,]" a NaphCare provider. *Id.* at 3−4.

The Court screened Plaintiff's Complaint on August 20, 2018, and determined that the claims against named Defendant McGrath were appropriately dismissed, as

---

[1] Plaintiff also filed approximately 23 "declarations," which in general provide updates, from Plaintiff's perspective, regarding the medical treatment that he was or was not receiving while at the Spokane County Jail. Given the Court's order extending Plaintiff's opportunity to file a response to Defendant's motion to dismiss, ECF No. 34, the Court does not construe his declarations as responses to Defendant's Motion to Dismiss.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING REMAINING DEFENDANTS FOR FAILURE TO STATE A CLAIM ~ 2

Plaintiff had not alleged any facts from which the Court could infer that Defendant McGrath was aware of any unconstitutional behavior or that he had caused any constitutional violations through establishment of a custom or policy. ECF No. 9 at 4. The Court further found that, "[l]iberally construing Plaintiff's allegations regarding the lack of medical care he has received at the Spokane County Jail, the Court finds a response from Defendant 'Nurse Amanda' is required under 42 U.S.C. § 1997e(g)(2)." *Id.* at 9. The Court directed service upon Defendant "Nurse Amanda" by the U.S. Marshal. *Id.* at 7. The Court informed Plaintiff that he could request service upon the John/Jane Doe Defendants once he identified those defendants through formal discovery or otherwise. *Id.* at 6.

After the U.S. Marshal served the Complaint on Nurse Spayde, Plaintiff filed an Amended Complaint on October 19, 2018. ECF No. 26. Plaintiff's Amended Complaint identified Doe Defendant #1 as Dr. Jeffery E. Maple and Doe Defendant #2 as "Kyra," a NaphCare nurse. ECF No. 26. Plaintiff's statement of his claims and factual allegations were identical to the language of Plaintiff's original Complaint. *Id.* Defendant moved to dismiss Plaintiff's Complaint shortly thereafter. ECF No. 29.

On December 19, 2018, Defendant filed a "First Amended Complaint," which the Court refers to as Plaintiff's Second Amended Complaint since it is the third Complaint filed by Plaintiff in this matter. ECF No. 40. The Second Amended Complaint again identified Doe Defendant #1 as Dr. Jeffery E. Maple and changed

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING REMAINING DEFENDANTS FOR FAILURE TO STATE A CLAIM ~ 3

the name of formerly Doe Defendant #2, a NaphCare nurse, to "Kara." *Id.* at 3−4. The Second Amended Complaint supplemented and modified the allegations against Defendants. Rather than reiterating Plaintiff's allegations regarding his medical conditions and the medical treatment he had received prior to his incarceration at Spokane County Jail, the Second Amended Complaint refers to the preceding Complaints for those allegations. *Id.* at 5. Since filing the Second Amended Complaint, Plaintiff was transferred from the Spokane County Jail to a U.S. Bureau of Prisons facility. ECF No. 55.

The Second Amended Complaint, ECF No. 40, was not timely. *See* Fed. R. Civ. P. 15(a) (requiring leave of court or written consent of the opposing party to amend a complaint after the period for amendment as a matter of right expires). It also impermissibly referred to a previous complaint for a portion of the allegations rather than repeating the allegations in the Second Amended Complaint and stating its claims completely without reference to any prior pleading. *See Barnes v. Sea Haw. Rafting, LLC*, 889 F.3d 517, 531 (9th Cir. 2018) (recognizing that an amended complaint supersedes the original). Nevertheless, the Court liberally construes Plaintiff's Second Amended Complaint, ECF No. 40, as a responsive filing to Defendant's Motion to Dismiss and considers both whether the deficiencies in Plaintiff's Amended Complaint warrant dismissal and whether Plaintiff's Second Amended Complaint, ECF No. 40, cures any deficiencies. *See Porter v. Ollison*,

620 F.3d 952, 958 (9th Cir. 2010) ("Prisoner pro se pleadings are given the benefit of liberal construction.").

*Factual Allegations*

As alleged by Plaintiff, Plaintiff sustained a severe neck injury while incarcerated by the State of Washington in 2015. ECF No. 26 at 5. He underwent major surgery on his spine as a result and received morphine and two other medications during his post-surgical recovery. *Id.* at 6. After Plaintiff's release from state custody in December 2015, he continued his treatment and rehabilitation by receiving care at a medical clinic in Spokane. *Id.* During that time, Plaintiff continued on a prescribed medication regimen for pain management. *Id.* Plaintiff represents that he was told that he would "have to have vertebrae C-5, C-6, and C-7 replaced as the weight of the titanium [inserted in his first surgery] presses down and grinds from above." *Id.* at 6.

Plaintiff recounts that he was arrested and taken to the Spokane County Jail on May 20, 2018. ECF No. 26 at 6. In Plaintiff's Complaint and Amended Complaint, he alleged that the NaphCare "medical staff" at the jail all showed deliberate indifference to his serious medical needs when they "refused to treat [his] condition, . . . denied all medications [he is] on, and refused to obtain [his] medical record from [the medical clinic in Spokane] or [the Washington Department of Corrections]." *Id.* at 6. Plaintiff further alleged that the medical staff "refused [his] requests for a neck brace, a pillow, and any medications" and "housed [him] upstairs" despite his

equilibrium being "off." *Id.* at 6−7.  In the Second Amended Complaint, Plaintiff supplemented these general allegations by recounting specific instances that Plaintiff alleges amount to deliberate indifference by each Defendant.

### Nurse Spayde

Plaintiff alleges that Nurse Spayde examined Plaintiff on May 20, 2018.  ECF No. 40 at 3.  He alleges that she told him that he needed to fill out release of information forms that she did not have with her and did not send up to him "later."  *Id.*  He further alleges that she "ignored [him] when she would walk by [his] cell."  *Id.*

### Dr. Maple

Plaintiff recounts that Dr. Maple examined Plaintiff on June 28, 2018.  ECF No. 40 at 3.  Dr. Maple allegedly informed Plaintiff that:

> this was a too complex issue that his medical degree don't [sic] cover so he had to referre [sic] me to a neuro-surgeon, which at this time [Plaintiff] was placed on the wrong specialist list for consult and it took Naphcare employees 3 months to notice this and place me on the correct list thanks to P.A. Danae who noticed the problem and corrected it but came in late October to tell me that the neuro-surgeon wanted a Magnetic Resonance Imaging (MRI) before he sees me which delayed my appointment even later.

*Id.*

Plaintiff alleges that an MRI scan on November 9, 2018, "revealed further damage to [his] neck that now need [sic] to be operated on and attempt [sic] to fix by

fusing more of my neck together—this may have been avoided if I was put on the correct specialist list back in June when I first seen [sic] Dr. Maple." *Id.* at 3−4.

### Nurse Kara

Plaintiff does not recount any specific instance in which Nurse Kara examined or treated Plaintiff. Rather, he alleges generally that:

> Nurse Kara and above stated other employees of Naphcare—especially Nurse Amanda Spayde, Dr. Jeffery E. Maple [sic] acts of wrong referrals and denial [sic] to correct mistake was causing harm and undue pain & suffering. Nurse Amanda and Nurse Kara blantally [sic] denied Plaintiff any relief of pain or suffering in any way at all thus making them all cause and personally participated in causing plaintiff's pain & suffering[.]

ECF No. 40 at 4.

## LEGAL STANDARD

***Standards for Dismissal***

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must state "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the court can reasonably infer that the defendant is liable under the law for the acts or omissions that are alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court assumes Plaintiff's factual allegations to be true at this stage in the case, conclusory allegations or unreasonable inferences may not overcome a Rule 12(b)(6) motion to dismiss. *Teixeira v. Cty. of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017). The Court's review is limited to the allegations contained in the complaint and any

exhibits that are incorporated by reference and attached to the complaint. *Id.* at 679 n. 11.

Moreover, a district court, on its own initiative, must dismiss a complaint, or any portion thereof, in which an inmate or detainee has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from relief. *See* 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(i)−(iii).

### *Section 1983*

An individual government employee is not liable under section 1983 unless that individual's own actions caused the alleged constitutional deprivation. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012). An individual government employee "causes" a constitutional deprivation when she (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [she] is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (internal quotation omitted).

### *Fourteenth Amendment*

The Fourteenth Amendment's due process clause, rather than the cruel and unusual punishment prohibition under the Eighth Amendment, governs the treatment and conditions of confinement for pretrial detainees. *Gordon v. County of Orange*,

888 F.3d 1118, 1124 (9th Cir. 2018). Courts evaluate such claims according to an objective deliberate indifference standard. *Id.* To succeed in a claim for deficient medical care, a pretrial detainee plaintiff must show with respect to each individual defendant:

> (i) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
> (ii) Those conditions put the plaintiff at substantial risk of suffering serious harm;
> (iii) The defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
> (iv) By not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon*, 888 F.3d at 1125.

Whether a defendant's conduct is objectively unreasonable "turns on the facts and circumstances of each particular case." *Kingsley v. Henrickson*, 135 S. Ct. 2466 (2015) (internal quotation omitted). The "mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (internal quotation omitted). Therefore, a plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

Plaintiff emphasizes in his Second Amended Complaint that this Court is "obligated to draw only reasonable factual inferences in the plaintiff's favor." ECF No. 40 at 5. However, allegations in a complaint are entitled to a presumption of

truth only if they go beyond reciting the elements of a cause of action and sufficiently allege the underlying facts to "give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Plaintiff's meager allegations with respect to each Defendant do not address the essential elements of a claim of constitutionally deficient medical care. Plaintiff does not allege with particularity what intentional decision any Defendant made to place Plaintiff in conditions that put Plaintiff at risk of suffering or serious harm. *See Gordon*, 888 F.3d at 1125. Plaintiff does not allege any particular measures that Defendants deliberately failed to take regarding pain and medication management; nor does Plaintiff allege how any such failure caused injuries for Plaintiff. For instance, Plaintiff does not allege any specific instance of either Defendant Spayde or Defendant Kara refusing to issue Plaintiff medication. Rather, he alleges only that Defendant Spayde requested he fill out a release of information form that she did not have on hand at the time and that she ignored Plaintiff when she passed his cell. Plaintiff does not allege any specific behavior by Defendant Kara.

With respect to Defendant Maple, Plaintiff alleges only that he referred Plaintiff to a neurosurgeon, but that Plaintiff was placed on the incorrect referral list for three months, without specifying whether Defendant Maple is alleged to have made that mistake. Even if Plaintiff had alleged with particularity that any of the Defendants individually participated in placing Plaintiff on an incorrect referral list

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING REMAINING DEFENDANTS FOR FAILURE TO STATE A CLAIM ~ 10

that delayed Plaintiff's visit to a neurosurgeon or Plaintiff's MRI, those actions do not surpass mere negligence. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (deliberate indifference "describes a state of mind more blameworthy than negligence"); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005) (mere negligence is not deliberate indifference). Therefore, the Court finds that Plaintiff's allegations do not set forth a plausible avenue to relief on the basis of deliberate indifference to his medical needs.

### *Futility*

In the Ninth Circuit, a pro se litigant should be afforded an opportunity to amend his complaint, unless the Court determines that the pleading could not be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). However, the Court need not grant a plaintiff leave to amend when it is apparent that amendment would be futile. *James v. Giles*, 221 F.2d 1074, 1077 (9th Cir. 2000).

Plaintiff's Amended Complaint and Second Amended Complaint, read together and interpreted liberally, do not state a claim for relief under section 1983 against any of the three remaining Defendants. Plaintiff has filed three complaints in this action, with the Second Amended Complaint making allegations and arguments in an effort to survive Defendant Spayde's motion to dismiss. Plaintiff's pretrial detention ended while Defendant's Motion to Dismiss was pending. The Court finds no basis upon which to conclude that Plaintiff could utilize an opportunity for a third

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING REMAINING DEFENDANTS FOR FAILURE TO STATE A CLAIM ~ 11

amendment to add any specific facts to cure the deficiencies in his claims. Therefore, the Court finds that granting leave to amend would be futile.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, **ECF No. 29**, is **GRANTED**.

2. Plaintiff's Second Amended Complaint is **dismissed with prejudice**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, enter judgment of dismissal, provide copies to Plaintiff Marshall Story at his most recent address and to counsel, and **close the file** in this matter.

**DATED** June 11, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge